# CHARLESTON.

D. W. TAYLOR *v.* E. J. THOMAS *et als.*

(No. 6815)

Submitted October 8, 1930.   Decided October 14, 1930.

*D. W. Taylor, Frank L. Taylor* and *Roderick G. Merrick,* for appellant.

*Herbert L. Carney,* for appellee Knight.

HATCHER, JUDGE:

D. W. Taylor, having acquired a judgment against E. J. Thomas, instituted a suit at September Rules 1929 to have the lands of Thomas subjected to sale to satisfy his creditors, to have a deed of trust executed by Thomas, and of which defendant Knight was beneficiary by assignment, cancelled and the debt it secured declared paid, and to have the judgment referred to given first preference, etc.   The ground alleged for cancelling the trust deed was that Knight had paid the money of Thomas in securing the assignment, and the debt was therefore extinguished.

Process was served on Thomas and Knight in person, but they failed to appear or plead.   The suit was regularly matured for hearing at the October Term of court, and on Octo-

ber 24th Taylor took a decree on the bill taken for confessed, which with other provisions cancelled the trust deed and declared the debt which it secured paid. At the next term of the court, to-wit, on April 16, 1930, Knight, after notice to Taylor, filed a motion and petition, praying the court to vacate so much of its decree entered in October 1929, as affected the rights of Knight under the trust deed. This was done and Taylor appeals.

Code, chapter 134, section 5, provides that the court in which there is a decree upon a bill taken for confessed, may reverse the decree for any error for which an appellate court might reverse it, upon motion after reasonable notice to the opposite party. The process and return herein, are regular; so the right of the court to reverse the October decree depended entirely upon whether the allegations of the bill justified the entry of the decree. The bill averred in part:

"That by deed dated the 12th day of August, 1926, of record in the office of the Clerk of the County Court of Kanawha County, West Virginia, in Trust Deed Book No. 131 at page 294, the said E. J. Thomas conveyed the aforesaid real estate to the defendant, D. W. Taylor, Trustee, in trust to secure the defendant, Clint Litton, in the sum of $8,000.00 that from time to time the said E. J. Thomas made payments on the said debt so secured until the same was reduced to the sum of $2,-257.99 as of the first day of June, 1929, when the said Clint Litton sold and assigned the same together with the benefit of the deed of trust securing the same to the defendant, Clarence Knight, for the sum of $2,257.99 plus certain sums of money which the said Litton had paid and obligated himself for in and about his efforts to foreclose the said deed of trust. Plaintiff alleges that while the said sums of money were paid by the said Clarence Knight to the said Clint Litton who then and there on or about the first day of June, 1929, assigned the said deed of trust securing the same to the said Clarence Knight, the said sums of money so paid for the remainder of the said $8,-000.00 debt by the said Clarence Knight were the moneys of the said E. J. Thomas and that the said

> payment by the said Clarence Knight was made for the sole benefit of the said E. J. Thomas and the same amounted to and was a liquidation and discharge of the said debt in toto; and that by the said payment the lien of the said deed of trust was discharged, and that the same is no longer a binding lien on the said lands."

From this allegation it appears that the plaintiff is the trustee of the very deed of trust which he seeks to cancel; and that the original beneficiary specifically assigned the benefit of the deed of trust to defendant Knight, thus prolonging the effect of the instrument and constituting Knight the beneficiary thereof. From the remainder of the bill, it appears that plaintiff's course is taken primarily to advance the priority of his own judgment. It is settled law that after accepting a trust, it is the bounden duty of the trustee to execute it unless relieved therefrom by the beneficiary or a court of equity. 39 Cyc. 293; 28 A. & E. Ency. Law 1028-9. So long as a trustee is not relieved from his trusteeship, he must act in the interest of the beneficiary, and not for himself in antagonism thereto. 39 Cyc. 296; 28 A. & E. Ency. 1050. "A trustee cannot do any act in relation to the trust property which will inure to his own benefit and operate to impair or defeat the trusts he undertakes to perform." 26 R. C. L., p. 1281, sec. 131. "A trustee must assume the validity of the trust under which he acts until it is actually impeached." Perry on Trusts and Trustees (7th Ed.), sec. 433. Neither can he do anything to advance *jus tertii* (here the other creditors) against his beneficiary. Underhill on Trusts and Trustees (Am. Ed.), 314; Perry, *supra,* (p. 722).

The relief granted plaintiff in the decree of October, 1929, was in direct opposition to the foregoing well established principles, and constituted error, reversible in an appellate court. Therefore, that decree was properly vacated by the lower court, and its action is affirmed.

*Affirmed.*

LITZ, JUDGE, (dissenting):

The original decree, adjudging the debt secured by the trust

deed to have been fully paid with money furnished by Thomas for his sole benefit as alleged in the bill, could not legally have been reversed by the trial court, at a subsequent term (no fraud, accident, mistake, surprise or adventitious circumstance in its procurement being charged), except for error apparent upon the face of the proceedings. *Wood* v. *Harmison,* 41 W. Va. 376; 2 R. C. L., p. 40; *Boyall's Admr.* v. *Johnson,* 1 Rand. 421. This, I understand to be the holding of the court, stated in the opinion, as follows: ''The process and return herein are regular; so the right of the court to reverse the October decree depended entirely upon whether the allegations of the bill justified the entry of the decree.'' Is there error apparent upon the face of the proceedings? The majority of the court have decided that there is, in that the bill shows the trust deed to be in force and effect for the benefit of Knight; notwithstanding the charge in the bill, confessed by Thomas and Knight, that the debt was paid for the ''sole benefit'' of Thomas with money furnished by him. The authorities cited in support of so extraordinary a holding simply enunciate the well known principle that a trustee will not be permitted to violate the trust in the interest of himself or for the benefit of another to the prejudice of the *cestui que* trust. The bill in this case does not attack the trust, but alleges merely that it has been fully discharged. This allegation was confessed by both Thomas and Knight. The decision means, if it is to be considered as announcing a rule of law applicable to other similar cases, that a trustee is not permitted to aver in a court of equity that the trust has been discharged and the court is likewise powerless, at his instance, to so decree, notwithstanding a legal confession of the fact by the parties in interest. JUDGE WOODS concurs in this note.